UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRAE D. IRVIN, | |
| Plaintiff, | No. 23 CV 13873 |
| v. | Judge Manish S. Shah |
| EXETER FINANCE LLC, | |
| Defendant. | |

ORDER

Defendant's motion to dismiss, [12], is granted and plaintiff's complaint is dismissed with prejudice. Plaintiff's motion for summary judgment, [18], is denied. Enter judgment and terminate civil case.

STATEMENT

Plaintiff Tyrae D. Irvin financed the purchase of a car and is now suing defendant Exeter Finance LLC for violations of the Fair Debt Collection Practices Act because Exeter called him multiple times a day over a period of four months, failed to respond to Irvin's written dispute of the debt, and sent postcards that disclosed he owed a debt. Exeter moves to dismiss the complaint. [12].[1]

A court reviewing a Rule 12(b)(6) motion to dismiss accepts as true all well-pled facts alleged in the complaint and determines whether "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barwin v. Village of Oak Park*, 54 F.4th 443, 453 (7th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court will ignore allegations that simply re-state legal conclusions if there are no factual allegations to support those conclusions. *See Iqbal*, 556 U.S. at 678.

Irvin alleges that Exeter violated three sections of the FDCPA—15 U.S.C. §§ 1692d(5), 1692f(7), 1692f(8). [7] at 4–5. Irvin also alleges that Exeter failed to respond to his written dispute of the debt, in violation of 15 U.S.C. § 1692g(b). *See* [7] at 4. Only "debt collectors," as defined by the FDCPA, are subject to liability for violations of the FDCPA. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) (explaining that the FDCPA distinguishes between "creditors" and

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of the filing.

"debt collectors" and only debt collectors are subject to the Act). For Irvin to proceed with a claim under the FDCPA, he must be able to allege that Exeter is a debt collector as defined by the statute.

A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The definition excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F).

Exeter argues that it is not a debt collector because it obtained the underlying loan before default. *See* [12] at 4.

Exeter attaches to its motion to dismiss copies of the retail installment contract (or auto loan) that Irvin signed with GolfGreen Motor Sales for a 2018 Chevrolet Camaro, and the contract between GolfGreen Motor Sales and Exeter Finance LLC that transfers the auto loan from GolfGreen to Exeter. *See* [12-1], [12-2]. A court may consider documents attached to the motion dismiss when those documents are "(1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim." *Financial Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 663 (7th Cir. 2022). Irvin alleges that Exeter was calling him to "pay an alleged debt on my 2018 Camaro SS." [7] at 4. The retail installment contract and the contract that assigned that debt from GolfGreen to Exeter are thus central to Irvin's claims that Exeter acted improperly with regard to the debt.

Irvin argues that the contracts (and anything else that isn't his testimony, *see* [20] at 2) are hearsay under Federal Rule of Evidence 802 and that the documents should be excluded under Federal Rule of Evidence 403. [19] at 1–2. Because the contracts are central to Exeter's relationship to Irvin, their probative value is not outweighed by any possible prejudice or confusion. Irvin is right that out-of-court statements offered for their truth are usually excluded as hearsay, but objecting on hearsay grounds is not a challenge to the authenticity of the documents. Irvin does not dispute that the contracts existed and that accurate copies are attached to Exeter's response. Contracts offered to establish the legal rights of the parties are not hearsay because they are "verbal acts." *See Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir. 2007); Fed. R. Evid. 801(c) advisory committee's note to 1972 proposal (Rule 801 excludes from hearsay statements that affect the legal rights of the parties).

The retail installment contract is for the sale of 2018 Chevrolet Camaro, signed on June 6, 2023, by Tyrae Irvin; the purchase is financed by a loan from GolfGreen Motor Sales with monthly payments to start on July 21, 2023. [12-1] at 2, 6. The assignment contract is for the transfer of Irvin's auto loan from GolfGreen to Exeter

Finance LLC. [12-2] at 2 ("For value received, the Dealer/Creditor [GolfGreen] hereby sells, assigns, transfers and conveys to Assignee [Exeter Finance] ... all of [GolfGreen's] right, title and interest in, to and under [the auto loan for the 2018 Chevrolet Camaro]."). The assignment contract was signed on June 6, 2023, by Asbel Diaz, a finance manager at GolfGreen Motor Sales. *See* [12-2] at 2. The terms of Irvin's auto loan stated that the first monthly payment was due on July 21, 2023, and Exeter took over the loan on June 6, 2023, before the first payment became due. The auto loan was not in default at the time Exeter took it over, so Exeter falls within the section 1692a(6)(F)(iii) exception and is not a debt collector under the FDCPA with regard to this loan.[2]

A dismissal of an initial complaint should be without prejudice to give the plaintiff a chance to amend their complaint unless amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015). There is nothing Irvin could plead that would change the fact that Exeter is not a debt collector under the FDCPA with regard to Irvin's auto loan, so Irvin's claims are dismissed with prejudice.

Because Irvin has failed to state a claim under the Fair Debt Collection Practices Act, there are no currently pending claims on which summary judgment could be granted and Irvin's motion for summary judgment is denied.

ENTER:

Date:   July 11, 2024

Manish S. Shah
U.S. District Judge

---

[2] Irvin's complaint also does not adequately allege that Exeter *is* a debt collector as defined by the FDCPA. Irvin asserts in his brief that Exeter "is a debt collector," but that is a conclusory statement that I need not accept as true. *See Iqbal*, 556 U.S. at 678. Irvin alleges that Exeter is a "finance company," [7] at 2, which is a term generally used to describe a company who lends money to the consumer (and therefore is a creditor, not a debt collector). Irvin fails to allege that Exeter is collecting a debt for another, as is required by the FDCPA. *See Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017). Nor does Irvin allege that Exeter's principal purpose is the collection of debts, another type of debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6); *Henson*, 582 U.S. at 82. Irvin has not properly alleged a necessary part of his claims—that Exeter is a "debt collector" as defined by the FDCPA.